WILLIAM D. RAUCH, JR. (124918)
333 Bush Street, Suite 2250
San Francisco, CA 94104
Telephone: (415) 753-6618
Facsimile: (855) 484-7192
E-mail: wdrauch@aol.com


Michael C. Whitticar, Esq. (*Pro Hac Vice Motion Planned*)
NOVA IP Law, PLLC
7420 Heritage Village Plaza, Suite 101
Gainesville, VA 20155
Phone: (571) 386-2980
Fax: (855) 295-0740
Email: mikew@novaiplaw.com

Attorney for Defendant
TOUT, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **LIFTABLE MEDIA, INC.,** <br><br> Plaintiff, <br><br> vs. <br><br> **TOUT, INC.,** <br><br> **Defendant.** | Case No.:  3:17-cv-06277-EMC <br><br> **DEFENDANT TOUT, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant TOUT, INC. respectfully submits this Answer and Defenses to Plaintiffs' Complaint ("Complaint") as follows:

<u>JURISDICTION AND VENUE</u>

1. Tout admits the allegations of paragraph 1.

- 1 -

**ANSWER AND DEFENSES OF TOUT, INC.**
**Case No.3:17-cv-062777-EMC**

2. Tout admits the allegations of paragraph 2.

3. Tout admits the allegations of paragraph 3.

THE PARTIES

4. Tout admits the allegations of paragraph 4.

5. Tout admits the allegations of paragraph 5.

6. Tout denies the allegations of paragraph 6.

FACTS COMMON TO ALL CLAIMS FOR RELIEF

7. Tout denies the allegations of paragraph 7 for lack of knowledge and information.

8. Tout admits the allegations of paragraph 8 of the complaint.

9. Tout denies the allegations of paragraph 9 for lack of knowledge and information.

10. Tout admits that the Insertion Order was signed and is the best evidence of its own content. Tout denies the remaining allegations of paragraph 10 and alleges that the copy of the Insertion Order attached to the Complaint is illegible.

11. Tout admits that the Insertion Order was signed and is the best evidence of its own content. Tout denies the remaining allegations of paragraph 11 and alleges that the copy of the Insertion Order attached to the Complaint is illegible.

12. Tout admits that the Insertion Order was signed and is the best evidence of its own content. Tout denies the remaining allegations of paragraph 12 and alleges that the copy of the Insertion Order attached to the Complaint is illegible.

13. Tout admits that the Second Insertion Order was signed and is the best evidence of its own content. Tout denies the remaining allegations of paragraph 13 and alleges that the copy of the Insertion Order attached to the Complaint is illegible.

14. Tout admits that the Second Insertion Order was signed and is the best evidence of its own content. Tout denies the remaining allegations of paragraph 14 and alleges that the copy of the Insertion Order attached to the Complaint is illegible.

15. Tout admits that the Insertion Orders were signed and are the best evidence of their own content.  Tout denies the remaining allegations of paragraph 14 and alleges that the copies of the Insertion Orders attached to the Complaint are illegible.

16. Tout denies paragraph 16 for lack of knowledge and information.

17. Tout denies paragraph 17 for lack of knowledge and information.

18. Tout admits that the email was sent and is the best evidence of its own content. Tout denies the remaining allegations of paragraph 18.

19. Tout admits paragraph 19.

20. Tout admits paragraph 20.

21. Tout admits paragraph 21.

22. Tout admits paragraph 22.

23. Tout admits paragraph 23.

24. Tout admits paragraph 24.

25. Tout admits that the parties were negotiating a proposed Settlement Agreement and that the e-mail was sent and is the best evidence of its own content.  Tout denies the remaining allegations of paragraph 25. Mr. Knopf lacked authority to accept that offer or proposal.

26. Tout admits that the parties were negotiating a proposed Settlement Agreement and that the e-mail was sent and is the best evidence of its own content.  Tout denies the remaining allegations of paragraph 26. Mr. Knopf lacked authority to accept that offer or proposal.

27. Tout admits that the specified payment was not made and that the e-mail was sent and is the best evidence of its own content.  Tout denies the remaining allegations of paragraph 27.  Mr. Knopf lacked authority to accept that offer or proposal.

28. Tout denies paragraph 28.

FIRST CLAIM FOR RELIEF

(Breach of Insertion Order and Second Insertion Order Against Tout)

29. Tout incorporates herein by reference, as though fully set forth herein, its answers to the allegations contained in paragraphs 1 to 28.

30. Paragraph 30 of the Complaint states conclusions of law to which no response is required. To the extent that a response is deemed necessary, Tout alleges that the Insertion Orders imposed obligations on both parties. The copies attached to the Complaint are illegible.

31. Tout denies the allegations of paragraph 31. However, it is asserted that it was a term of the Insertion Orders that the audience delivered was to be 71.6 percent aged 21 or over. Liftable materially breached that obligation and condition. That materially and adversely impacted, frustrated and impaired Tout's ability to fill the requisite percentages of impressions.

32. Tout denies the allegations of paragraph 32. It was a term of the Insertion Orders that the audience delivered was to be 71.6 percent aged 21 or over. Liftable materially breached that obligation and condition. That materially and adversely impacted, frustrated and impaired Tout's ability to fill the requisite percentages of impressions.

33. Tout denies the allegations of paragraph 33. It was a term of the Insertion Orders that the audience delivered was to be 71.6 percent aged 21 or over. Liftable materially breached that obligation and condition. That materially and adversely impacted, frustrated and impaired Tout's ability to fill the requisite percentages of impressions.

SECOND CLAIM FOR RELIEF

34. Tout incorporates by reference its Defenses and prior Answers.

35. Tout admits that the e-mail was sent and is the best evidence of its own content. Tout denies the remaining allegations of paragraph 35. Mr. Knopf lacked authority to accept that offer or proposal.

36. Tout admits only that the e-mail was sent and is the best evidence of its own content. Tout denies the remaining allegations of paragraph 36. Mr. Knopf lacked authority to accept that offer or proposal. It was a term of the Insertion Orders that the audience delivered was to be 71.6 percent aged 21 or over.  Liftable materially breached that obligation and condition.   That materially and adversely impacted, frustrated and impaired Tout's ability to fill the requisite percentages of impressions. Mr. Knopf lacked authority to accept that offer or proposal.

37. Paragraph 37 of the Complaint states conclusions of law to which no response is required. To the extent that an answer required, Tout admits that the referenced payments were not made. Tout denies the remaining allegations of paragraph 37.   It was a term of the Insertion Orders that the audience delivered was to be 71.6 percent aged 21 or over.  Liftable materially breached that obligation and condition.   That materially and adversely impacted, frustrated and impaired Tout's ability to fill the requisite percentages of impressions.  Mr. Knopf lacked authority to accept that offer or proposal.

38. Paragraph 38 of the Complaint states conclusions of law to which no response is required. To the extent that an answer required, Tout admits that the referenced payments were not made. Tout denies the remaining allegations of paragraph 38.   It was a term of the Insertion Orders that the audience delivered was to be 71.6 percent aged 21 or over.  Liftable materially breached that obligation and condition.   That materially and adversely impacted, frustrated and impaired Tout's ability to fill the requisite percentages of impressions. Mr. Knopf lacked authority to accept that offer or proposal.

THIRD CLAIM FOR RELIEF
(Common Count: Goods and Services Rendered Against Tout)

39. Tout incorporates by reference its Defenses and prior Answers.

40.	Tout admits that the actual insertion orders were signed and are the best evidence of their own content, and admits that the e-mail was sent and is the best evidence of its own content.  The insertion orders attached to the Complaint are illegible.  Tout denies the remaining allegations of paragraph 40.

41.	Paragraph 41 of the Complaint states conclusions of law to which no response is required. To the extent that an answer required, Tout admits that the referenced payments were not made. Tout denies the remaining allegations of paragraph 41.   It was a term of the insertion orders that the audience delivered was to be 71.6 percent aged 21 or over.  Liftable materially breached that obligation and condition that materially and adversely impacted, frustrated and impaired Tout's ability to fill the requisite percentages of impressions.

42.	Tout admits only that not all funds billed and requested have been paid.  Tout denies that all such funds are due. Tout denies the remaining allegations of paragraph 42. Paragraph 38 of the Complaint states conclusions of law to which no response is required. To the extent that an answer required, Tout admits that the referenced payments were not made. Tout denies the remaining allegations of paragraph 38.    It was a term of the insertion orders that the audience delivered was to be 71.6 percent aged 21 or over.  Liftable materially breached that obligation and condition.    That materially and adversely impacted, frustrated and impaired Tout's ability to fill the requisite percentages of impressions.

43.	Tout admits only that not all funds billed and requested have been paid.  Tout denies that all such funds are due. Tout denies the remaining allegations of paragraph 42. Paragraph 38 of the Complaint states conclusions of law to which no response is required. To the extent that an answer required, Tout admits that the referenced payments were not made. Tout denies the remaining allegations of paragraph 38.      It was a term of the Insertion Orders that the audience delivered was to be 71.6 percent aged 21 or over.  Liftable materially breached that

obligation and condition.    That materially and adversely impacted, frustrated and impaired Tout's ability to fill the requisite percentages of impressions.

### ANSWER TO PRAYER FOR RELIEF

Tout admits that Plaintiff requests the specified relief.  Tout denies that Plaintiff is entitled to the specified relief.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

It was a term of the insertion orders that the audience delivered was to be 71.6 percent aged 21 or over.  Liftable materially breached that obligation and condition.   That materially and adversely impacted, frustrated and impaired Tout's ability to fill the requisite percentages of impressions.  Nothing in the alleged settlement e-mail deleted or negated this adult audience requirement.

### SECOND AFFIRMATIVE DEFENSE

It was a term of the insertion orders that the audience delivered was to be 71.6 percent aged 21 or over.  Liftable materially breached that obligation and condition.   That materially and adversely impacted, frustrated and impaired Tout's ability to fill the requisite percentages of impressions.  Nothing in the alleged settlement e-mail deleted or negated this adult audience requirement.

### THIRD AFFIRMATIVE DEFENSE

The incorporation of express contracts and express contract allegations into Count III bars Plaintiff's claim in quasi-contract for goods and services rendered.   Count III therefore fails to state a claim upon which relief can be granted.

FOURTH AFFIRMATIVE DEFENSE

Mr. Knopf lacked corporate authority to enter into the alleged e-mail settlement agreement.

Respectfully Submitted This 8th Day of December, 2017

By: /s/ William Rauch

William Rauch
Attorney for Defendant
TOUT, INC.

[724\8993.pld]